Mr. Justice Noli
delivered the opinion of the court:
This case was tried before myself; and if I had felt at liberty to exercise my own judgment, I should certainly have held that the action could not be maintained. It has been settled' in this court, and I think, correctly settled, that where a person holds a deed, containing express covenants, he cannot maintain an action of assumpsit on an implied covenant of a similar nature. It has also always been my opinion, that where a deed contains certain -express covenants, it excludes the implication of all others. But in the case of Wells fy Spears, fl McCord’s Rep. 421 ,J it was determined by a majority of this court, that an express warranty of title did not exclude an implied warranty of soundness of property. I dissented from that decision. I nevertheless considered it obligatory upon me, and I thought it authorized the plaintiff to maintain the action which he had brought in this caso, and that he was not bound to produce his bill of sale, without notice from the opposite party. My brethren, however, are of opinion that the decision in the case of Wells ¿r Spears, did not authorize the conclusion which I drew from it. — - It seems to be the understanding that although a person may maintain an action'on an implied warranty of sound *325 ness, where there is an express warianty of title only, yet he must produce the deed as evidence cf the sale, and 'to show that there is no express covenant contrary to the implied warranty on which his action is brought; anu es I was opposed to the decision itself, I am willing to concur in any construction which shall go to narrow it down as much as possible, as calculated to bring us back more nearly to what I consider to be the common law rule upon the subject. The great object is to lender our decisions uniform and consistent. We have never departed from the rule that parol evidence shall not be at ■■iittui to contradict or explain a deed. We may7 have differed in opinion with regard to the application c it. The case of Adams and Wylie, (1 Nott §• McCord, 78,) has been sometimes adverted to, to show that the court has disregarded that rule of law; but a reference to that case will show that the charge is unfounded. That was an action, on two bonds given for a tract of land ; the defence ’was, a deficiency in the quantity of land sold, and the question was decided upon the construction of the deed. The deed stated, as appears by tbe report of the case, “ that the tract contained 294 acres of land, besides marsh.” Upon are-survey, there appeared but 202 acres of highland. Including the marsh, the whole number of acres was found, but the court held, that two hundred and ninety-four acres, besides marsh,” must mean two hundred and ninety-four acres of high land. The terms of the contract appeared on the face of the deed, and did not depend upon parol evidence. In the case under consideration, the court are of opinion that the plaintiff ought to have produced the bill of sale as furnishing the highest evidence of the property conveyed by it, and of the covenants contained in it, and that he cannot maintain this action until he shall make it appear that it is not inconsistent with the terms of that deed. The motion therefore is granted.
Toomer 8? Hayne, for the motion.
Jlunt <Sf Clark, contra.
Justices Colcock, Johnson and Richardson, concurred,